**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2684
_____

STANLEY E. KORNAFEL, Appellant

v.

DEL CHEVROLET; JUDGE JAMES P. MACELREE, II
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-19-cv-02783)
District Judge:  C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2019

Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 2, 2020)
_____

OPINION*
_____

PER CURIAM

Stanley Kornafel, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his complaint.  For the reasons

that follow, we will affirm the judgment of the District Court.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Kornafel filed a complaint against Del Chevrolet and Judge James MacElree, II, a now retired, Chester County, Pennsylvania Court of Common Pleas judge. Although the complaint is not very clear, it arises out of Kornafel's purchase of a car from Del Chevrolet that allegedly broke down after he left the dealership, and a related lawsuit that he brought against Del Chevrolet in state court. Judge MacElree granted summary judgment in favor of Del Chevrolet. Kornafel claims that he was denied due process and that there was collusion and bias in the handling of his case. He alleges that Judge MacElree, among other things, denied a hearing and did not address his evidence. He appears to seek a jury trial on the claims he brought in state court.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court ruled that, to the extent Kornafel sought review of Judge MacElree's judgment, it lacked jurisdiction under the Rooker-Feldman[1] doctrine. The District Court also stated that Kornafel's claims were, at least to some extent, malicious and/or barred by res judicata in light of a prior federal lawsuit he had brought against Del Chevrolet. In addition, the District Court decided that Kornafel had not adequately alleged an unconstitutional conspiracy or that Del Chevrolet is a state actor for purposes of 42 U.S.C. § 1983 because his claims were based on the state court's adverse ruling. The District Court also ruled that Judge MacElree is entitled to absolute judicial immunity.

---

constitute binding precedent.
[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The District Court held that amendment of the complaint would be futile, dismissed the complaint, and warned Kornafel that he may be subject to filing restrictions if he continued to file duplicative lawsuits. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal of the complaint is plenary. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Kornafel disputes on appeal statements in the District Court's decision that his state court suit was based on the sale of the car and that the case was assigned to Judge MacElree, but he has shown no material error in this regard. He also contends that the District Court "omitted" Judge MacElree's abuse of discretion and error of law and reiterates his claims of collusion, bias, and deprivation of due process.

To the extent Kornafel's claims are not barred by the Rooker-Feldman doctrine, we agree for the reasons stated by the District Court that Kornafel fails to allege facts stating a plausible conspiracy claim, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), or showing that Del Chevrolet is a state actor for purposes of § 1983. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (addressing state action requirement).

Kornafel also has shown no error in the District Court's ruling that Judge MacElree is immune from suit. Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), to the extent Kornafel seeks injunctive relief, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive

3

relief shall not be granted unless a declaratory decree was violated or declaratory relief

was unavailable." 42 U.S.C. § 1983 (1996). Kornafel does not contend that this

exception applies. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per

curiam) (holding claim against judge for injunctive relief was barred under § 1983).

    Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]Kornafel does not challenge the District Court's rulings regarding res judicata and
amendment of his complaint and we do not consider them.